UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 03-136 |
| FREDERICK JOHNSON | SECTION I |

### ORDER & REASONS

Before the Court is defendant Frederick Johnson's ("Johnson") motion[1] for an order releasing him to "home confinement" or giving him "credit for time served," which the Court construes as a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[2] The government opposes the motion.[3] Because Johnson has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

### I.

On October 15, 2003, this Court sentenced Johnson to a term of 96 months on each of two counts—(1) violating 18 U.S.C. §§ 922(g)(1), 924(a)(2) (convicted felon in possession of a firearm) and (2) violating 18 U.S.C. § 2113(a)–(d) (bank robbery).[4] The

---

[1] R. Doc. No. 75.
[2] In the context of his letter, Johnson's request is clearly for release due to the danger posed by COVID-19. To the extent he is asking for any other relief, he must file a proper motion with the Court.
[3] R. Doc. No. 77.
[4] R. Doc. No. 21.

1

terms were to be served concurrently, followed by a total of five years of supervised release.[5] Johnson began his term of supervised release on December 29, 2010.[6]

On June 14, 2018, having found that Johnson violated numerous conditions of his supervised release, the Court sentenced him to serve a total of 60 months, consecutive to a state criminal sentence.[7] Johnson is currently incarcerated at USP Pollock ("Pollock"), with a projected release date as to his federal sentence of July 7, 2024.

Johnson asks the Court to give him "credit for time served" or "allow [him] to be placed on home confindment [sic]" due to the prevalence of COVID-19 at Pollock.[8] Johnson does not allege that he has administratively exhausted his request.

The government opposes Johnson's motion.[9] In relevant part, the government argues that the Court cannot consider Johnson's motion for compassionate release because he has not satisfied the statutory exhaustion requirement.[10]

## II.

Section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment on motion of a defendant unless the motion was made after the defendant has exhausted his administrative remedies. A reduction is authorized

---

[5] *Id.*
[6] R. Doc. No. 38.
[7] R. Doc. No. 57. The sixty months represents consecutive sentences of twenty-four months as to the possession count and thirty-six months as to the bank robbery count. *Id.*
[8] R. Doc. No. 75.
[9] R. Doc. No. 77.
[10] *Id.* at 6.

only after a court, considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

In *United States v. Franco*, the Fifth Circuit determined that the administrative exhaustion requirement "is *not* jurisdictional, but that it *is* mandatory." 973 F.3d 465, 467 (5th Cir. 2020) (emphasis in original). This holding comports with those of at least three other circuits. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (explaining that a court "may not grant relief" if the defendant has not complied with the exhaustion requirement, which operates as an "unyielding procedural requirement[]") (internal quotation and citations omitted) (alteration in original); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies.

3

*United States v. Bates,* No. 13-66, 2020 WL 6708384, at *1 (E.D. La. Nov. 16, 2020) (Vance, J.); *United States v. Evans,* No. 16-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle,* No. 18-0250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts,* No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020).

Johnson has not made any showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). And the government notes that, according to the Bureau of Prisons, Johnson had not submitted a request for compassionate release as of January 8, 2021.[11] Because Johnson has not satisfied his burden of proof with respect to the statutory exhaustion requirement, his motion for compassionate release is not properly before the Court.

### III.

Accordingly,

**IT IS ORDERED** that Johnson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE** to his refiling after satisfying the administrative exhaustion requirement.

New Orleans, Louisiana, January 14, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 77, at 8 n.12.